**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

PRO TECH MONITORING, INC.,
a Delaware corporation,

   Plaintiff,

vs.                                                                Case No. _____

SATELLITE TRACKING OF
PEOPLE, LLC, a Delaware                          Injunctive Relief Requested
Limited Liability Company,

                                                Jury Trial

   Defendant.
_____/

## **COMPLAINT FOR UTILITY PATENT INFRINGEMENT**

      Plaintiff, Pro Tech Monitoring, Inc., a Delaware corporation with a principal place of business located at 2549 Success Drive, Odessa, Florida 33556-3401, sues Defendant, Satellite Tracking of People, LLC, a Delaware limited liability company, with a principal business address located at 1212 North Post Oak Road, Suite 100, Houston, Texas 77055, and alleges:

## **BASIS FOR JURISDICTION**

      1.     This action arises under the Patent Laws of the United States, Title 35, United States Code.  This court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1338(a). This Court has personal jurisdiction over Defendant as the acts of infringement alleged herein have occurred in this judicial district by virtue of Defendant's offer to sell the Infringing Products within this judicial district and by virtue that the Defendant is

1

registered to conduct business in this judicial district as shown by the Florida Secretary of State document number M05000000835. Venue is proper pursuant to 28 U.S.C. § 1400 as the acts of infringement alleged herein have occurred in this judicial district.

### COUNT I -UTILITY PATENT INFRINGEMENT

2. Plaintiff is the owner of United States Patent No. 6,014,080 (hereinafter the '080 Patent), entitled *Body Worn Active And Passive Tracking Device*, duly and lawfully issued on January 11, 2000. The '080 is attached as Exhibit 1. The '080 Patent is valid and enforceable.

3. Defendant has infringed, and is now directly infringing, inducing infringement by others, and/or contributorily infringing the '080 patent through its manufacture, use and offers for sale, in this judicial district, of body worn tracking devices, sold under the trademarks and/or model numbers BluTag and/or VeriTracks (hereinafter the "Infringing Products"), which infringe at least one of the claims of the '080 Patent in violation of 35 U.S.C. § 271. Said acts of infringement by Defendant have been done without right or license from Plaintiff and said manufacture, use and offer for sale of the Infringing Products infringe at least one of the claims of the '080 Patent.

4. Defendant has derived, received, and will continue to derive and receive from aforesaid infringement alleged herein, gains, profits and advantages, in amounts not presently known to Plaintiff. Plaintiff, by reason of the aforesaid patent infringement, has been and will be deprived and prevented from receiving, if such infringement is not restrained by this Court, gains and profits to which the Plaintiff would be deriving and receiving but for Defendant's infringement.

5. Defendant's manufacture, use and offer to sell the Infringing Products infringes at least one of the claims of the '080 Patent and irreparably harms Plaintiff and Plaintiff lacks a

remedy at law to cease the continuing infringement thus entitling Plaintiff to final and permanent injunctive relief.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  For a decree adjudging that the '080 Patent is valid in all respects and has been infringed by Defendant.

b.  That a writ of injunction issue out of Seal of the Court pursuant to 35 U.S.C. § 283, enjoining and restraining Defendant, its agents, assigns, servants, employees and attorneys, and those in active concert or participation with Defendant who receive actual notice of the Order by personal service or otherwise, from direct infringement, contributory infringement, and/or inducement to infringe the '080 Patent.

c.  That the Court award Plaintiff damages adequate to compensate for the infringement as found by a jury, or in the alternative, that Plaintiff be awarded a reasonable royalty pursuant to 35 U.S.C. § 284.

d.  For a judgment against Defendant awarding Plaintiff damages three times the amount found or assessed pursuant to 35 U.S.C. § 284.

e.  That this case be adjudged an exceptional case and that Plaintiff be awarded its reasonable attorney fees pursuant to 35 U.S.C. § 285.

f.  That Defendant be directed to pay Plaintiff interest and costs pursuant to 35 U.S.C. § 284.

g.  That the Plaintiff have such other and further relief as the circumstances of this case may require and this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands trial by jury in this action on all issues triable by jury.

Respectfully submitted,

/s/ H. William Larson, Esq.
H. William Larson, Esq.
Fla Bar No. 969930
Trial Counsel for Plaintiff
LARSON & LARSON, P.A.
11199 69th Street North
Largo, FL 33773
727-546-0660 telephone
727-545-1595 facsimile
larsonb@tampabay.rr.com